IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO: |
| v. | : DATE FILED: |
| SANDOZ INC. | : VIOLATIONS:<br>15 U.S.C. § 1 (conspiracy to<br>: restrain trade – 4 counts) |

**INFORMATION**

**COUNT ONE**
**CONSPIRACY TO RESTRAIN TRADE**
**(15 U.S.C. § 1)**

The United States of America, acting through its attorneys, charges that:

1.  At all times relevant to this Count, defendant **SANDOZ INC. ("SANDOZ")** was a corporation organized and existing under the laws of Colorado, with its principal place business in Princeton, New Jersey.

2.  At all times relevant to this Count, defendant SANDOZ was a pharmaceutical company engaged, directly or through related entities, in the manufacturing of generic drugs, and the marketing and sale of generic drugs in the United States.

3.  During the period covered by this Count, Company A, a corporation with its principal place of business in New York, was engaged, directly or through related entities, in the manufacturing of generic drugs, and the marketing and sale of generic drugs in the United States.

4.  Defendant SANDOZ and Company A were competitors in the marketing and sale of generic drugs in the United States.

5. Various entities and individuals not made defendants in this Count participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

6. Whenever in this Count reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## DESCRIPTION OF THE OFFENSE

7. From at least as early as March 2013 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, defendant

## SANDOZ INC.

and its co-conspirators, including Company A and various individuals at SANDOZ and Company A, knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by agreeing to allocate customers and rig bids for, and to stabilize, maintain, and fix prices of, generic drugs sold in the United States. The conspiracy engaged in by defendant SANDOZ and its co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

## MEANS AND METHODS

8. For the purpose of forming and carrying out the charged conspiracy, defendant SANDOZ and its co-conspirators did those things that they conspired to do, including, among other things:

(a) discussed the allocation of and agreed to allocate customers located in the United States;

(b) provided and received specific non-public prices paid by allocated customers to the existing supplier;

(c) communicated about the timing of anticipated price increases;

(d) discussed and agreed to increase prices for generic drugs;

(e) provided and received specific non-public prices in connection with agreed-upon price increases;

(f) implemented price increases in accordance with the agreement reached;

(g) submitted bids and offers to, and declined requests to submit bids and offers from, customers in accordance with the agreement reached, including at least one customer located in the Eastern District of Pennsylvania; and

(h) sold and accepted payment for generic drugs at collusive and noncompetitive prices.

## TRADE AND COMMERCE

9. During the period covered by this Count, defendant SANDOZ and Company A sold substantial quantities of generic drugs affected by the offense charged in this Count to customers located in various states in the United States. In addition, payments from affected customers that purchased drugs sold by defendant SANDOZ and Company A traveled in interstate trade and commerce.

10.     During the period covered by this Count, the activities of defendant SANDOZ and its co-conspirators with respect to the sale of affected generic drugs were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO
## CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

The United States further charges:

11. The allegations in Paragraphs 1, 2, 5, and 6 of Count One of this Information are hereby realleged as if fully set forth in this Count.

12. During the period covered by this Count, Kavod Pharmaceuticals LLC (f/k/a Rising Pharmaceuticals, LLC, f/k/a Rising Pharmaceuticals, Inc.) ("Rising"), charged elsewhere, was a corporation with its principal place of business in Saddle Brook, New Jersey. Rising was engaged, directly or through related entities, in the manufacturing of generic drugs, and the marketing and sale of generic drugs in the United States.

13. During the period covered by this Count, defendant SANDOZ and Rising were competitors in the marketing and sale of generic drugs in the United States.

14. Benazepril HCTZ was a generic drug used in the treatment of hypertension.

## DESCRIPTION OF THE OFFENSE

15. From at least as early as April 2014 and continuing until at least September 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, defendant

**SANDOZ INC.**

and its co-conspirators, including Rising and various individuals at SANDOZ and Rising, knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by agreeing to allocate customers for, and to stabilize, maintain, and fix prices of, benazepril HCTZ. The conspiracy engaged in by defendant SANDOZ and its co-conspirators was a *per se*

unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

## MEANS AND METHODS

16. For the purpose of forming and carrying out the charged conspiracy, defendant SANDOZ and its co-conspirators did those things that they conspired to do, including, among other things:

(a) discussed the allocation of and agreed to allocate customers located in the United States;

(b) provided and received specific non-public prices paid by the allocated customers to the existing supplier;

(c) submitted offers to, and declined requests to submit offers from, customers in accordance with the agreement reached, including at least one customer located in the Eastern District of Pennsylvania; and

(d) sold and accepted payment for benazepril HCTZ at collusive and noncompetitive prices.

## TRADE AND COMMERCE

17. During the period covered by this Count, defendant SANDOZ and Rising sold substantial quantities of benazepril HCTZ affected by the offense charged herein to customers located in various states in the United States. In addition, payments from affected customers for benazepril HCTZ sold by defendant SANDOZ and Rising traveled in interstate trade and commerce.

18. During the period covered by this Count, the activities of defendant SANDOZ and its co-conspirators with respect to the sale of benazepril HCTZ were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT THREE
## CONSPIRACY TO RESTRAIN TRADE
## (15 U.S.C. § 1)

The United States further charges:

19. The allegations in Paragraphs 1, 2, 5, and 6 of Count One of this Information are hereby realleged as if fully set forth in this Count.

20. During the period covered by this Count, Company B, a corporation with its principal place of business in Michigan, was engaged, directly or through related entities, in the manufacturing of generic drugs, and the marketing and sale of generic drugs in the United States.

21. Defendant SANDOZ and Company B were competitors in the marketing and sale of generic drugs in the United States.

### DESCRIPTION OF THE OFFENSE

22. From at least as early as July 2013 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, defendant

### SANDOZ INC.

and its co-conspirators, including Company B and various individuals at SANDOZ and Company B, knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by agreeing to allocate customers and rig bids for, and to stabilize, maintain, and fix prices of, generic drugs sold in the United States. The conspiracy engaged in by defendant SANDOZ and its co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

## MEANS AND METHODS

23. For the purpose of forming and carrying out the charged conspiracy, defendant SANDOZ and its co-conspirators did those things that they conspired to do, including, among other things:

    (a) discussed the allocation of and agreed to allocate customers located in the United States;

    (b) provided and received specific non-public prices, including prices paid by the allocated customers to the existing supplier;

    (c) submitted bids and offers to, and declined requests to submit bids and offers from, customers in accordance with the agreement reached, including at least one customer located in the Eastern District of Pennsylvania; and

    (d) sold and accepted payment for generic drugs at collusive and noncompetitive prices.

## TRADE AND COMMERCE

24. During the period covered by this Count, defendant SANDOZ and Company B sold substantial quantities of generic drugs affected by the offense charged herein to customers located in various states in the United States. In addition, payments from affected customers that purchased drugs sold by defendant SANDOZ and Company B traveled in interstate trade and commerce.

25. During the period covered by this Count, the activities of defendant SANDOZ and its co-conspirators with respect to the sale of affected generic drugs were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

# COUNT FOUR
## CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

The United States further charges:

26. The allegations in Paragraphs 1, 2, 5, and 6 of Count One of this Information are hereby realleged as if fully set forth in this Count.

27. During the period covered by this Count, Company C, a corporation with its principal place of business within the Eastern District of Pennsylvania, was engaged, directly or through related entities, in the manufacturing of generic drugs, and the marketing and sale of generic drugs in the United States.

28. Defendant SANDOZ and Company C were competitors in the marketing and sale of generic drugs in the United States.

## DESCRIPTION OF THE OFFENSE

29. From at least as early as July 2013 and continuing until at least December 2015, the exact dates being unknown to the United States, in the Eastern District of Pennsylvania and elsewhere, defendant

## SANDOZ INC.

and its co-conspirators, including Company C and various individuals at SANDOZ and Company C, knowingly entered into and engaged in a conspiracy to suppress and eliminate competition by agreeing to allocate customers and rig bids for, and to stabilize, maintain, and fix prices of, generic drugs sold in the United States. The conspiracy engaged in by defendant SANDOZ and its co-conspirators was a *per se* unlawful, and thus unreasonable, restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

## MEANS AND METHODS

30. For the purpose of forming and carrying out the charged conspiracy, defendant SANDOZ and its co-conspirators did those things that they conspired to do, including, among other things:

   (a) discussed the allocation of and agreed to allocate customers located in the United States;

   (b) communicated about the timing of anticipated price increases;

   (c) discussed and agreed to increase prices for generic drugs;

   (d) provided and received specific non-public prices in connection with agreed-upon price increases;

   (e) implemented price increases in accordance with the agreement reached;

   (f) submitted bids and offers to, and declined requests to submit bids and offers from, customers in accordance with the agreement reached; and

   (g) sold and accepted payment for generic drugs at collusive and noncompetitive prices.

## TRADE AND COMMERCE

31. During the period covered by this Count, defendant SANDOZ and Company C sold substantial quantities of generic drugs affected by the offense charged herein to customers located in various states in the United States. In addition, payments from affected customers that purchased drugs sold by defendant SANDOZ and Company C traveled in interstate trade and commerce.

32. During the period covered by this Count, the activities of defendant SANDOZ and its co-conspirators with respect to the sale of affected generic drugs were within the flow of, and substantially affected, interstate trade and commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

MAKAN DELRAHIM
Assistant Attorney General

RICHARD A. POWERS
Deputy Assistant Attorney General

MARVIN N. PRICE, JR.
Director of Criminal Enforcement

RYAN DANKS
Chief, Washington Criminal I

Antitrust Division
United States Department of Justice

EMMA M. BURNHAM
Assistant Chief, Washington Criminal I

WILLIAM M. MCSWAIN
United States Attorney for the
Eastern District of Pennsylvania

LAUREN M. ELFNER
JOHN W. ELIAS
MATTHEW TANNENBAUM
GEORGE S. BARANKO
Trial Attorneys
Antitrust Division
United States Department of Justice